# HARRISON *v.* BLACK.

---

EQUITY; CIVIL SERVICE COMMISSION.

A bill in equity by taxpayers of the District of Columbia will not lie to enjoin the Civil Service Commision from holding examinations for positions under the government of the District of Columbia, on the ground that such examinations are beyond the scope of the authority of the Commission, and therefore that public money contributed and paid by the complainants is being unlawfully used and an illegal burden of taxation thus imposed upon complainants, where it appears that such examinations are held by the Commission without expense to the District.

No. 1850. Submitted April 15, 1908. Decided May 19, 1908.
Vol. XXXI.—27.

HEARING on an appeal by the complainants from a decree of the Supreme Court of the District of Columbia sustaining a demurrer to and dismissing a bill for an injunction against the members of the Civil Service Commission of the United States.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Richard P. Evans* for the appellants.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. Stuart McNamara,* Assistant, for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

In this suit appellants, J. Stewart Harrison and Andrew M. Curry, seek a reversal of the decree entered in the supreme court of the District dismissing their bill, in which they allege themselves to be citizens of the United States and residents and taxpayers of the District and contributors of their proportionate part of the expenses of the general government, and in which they pray that the Civil Service Commission of the United States [the members of which are the appellees] be restrained from holding examinations for positions under the District of Columbia; the ground for asking such relief being that said examinations are beyond the scope of the authority of the Commission, and that, therefore, the public moneys contributed and paid by complainants are being unlawfully used and expended and an illegal burden of taxation thus imposed upon complainants.

The bill avers that said examinations are conducted at the request of the commissioners of the District, and constitute a scheme on the part of said commissioners to favor a certain class to the exclusion of another class to which complainants belong. It is further represented in the bill that said commissioners "reserve to themselves the right to disregard the result of

said examinations." Attached to the bill as an exhibit thereto and as a part thereof is a letter from the Civil Service Commission to counsel for complainants antedating the date of the bill, in which it is stated that, "so far as the Commission is aware, there is no requirement of law or executive order that it should hold examinations for the commissioners of the District of Columbia, but it has been its practice to do so as a matter of courtesy, when the holding of such examinations did not interfere with the regular business of the Commission."

In the return filed by the Civil Service Commission it is admitted that the positions under the District of Columbia are not within the classified service. It is further stated that in 1895 the President of the United States directed the Civil Service Commission to provide examinations for persons seeking places under the District of Columbia, but instructed the Commission that in so doing no extra expense should be incurred; that, between 1896 and the present, "these examinations have been held, and in so doing the Civil Service Commission has entailed no extra expense, nor prevented itself from discharging its ordained functions for the general government;" that "the examinations have been held without any increase in the force of the Civil Service Commission."

With this return was filed a demurrer to the bill, and, by consent of counsel, the hearing upon the bill, the rule to show cause, the return, and the demurrer, was had at the same time.

The bill is so easily disposed of on the merits that we do not stop to consider the various preliminary objections which the appellees have raised against it. Complainants rest their claim to relief upon the proposition that the holding of competitive examinations in the District of Columbia by the Civil Service Commission illegally burdens the complainants with taxation. The return sets forth clearly and explicitly that no extra expense whatever has been entailed by holding these examinations, and that the ordinary work of the Commission has not been interfered with.

This being an equitable proceeding, the interests of all the parties will be considered, and the right of the complainants to

the relief sought must clearly appear before the court will interfere with the District authorities to deprive them of the assistance and co-operation of the Civil Service Commission in securing proper persons for appointment in the District service. It is not stated in the bill that either of the complainants has been, or is, an applicant for any of the positions for which examinations have been, or are to be, held. It is not contended that the commissioners of the District have attempted to delegate their authority over appointments, and no relief is prayed against them. It is obvious that the complainants present no grounds for relief. Unquestionably the commissioners of the District have ample authority to conduct competitive examinations for the purpose of securing persons for appointment. That they have secured the assistance of the Civil Service Commission is no concern of the complainants, unless it can be made to appear that they are substantially affected thereby. It appearing that the complainants are not so affected, it follows that the decree dismissing their bill of complaint was correct. It is therefore affirmed, with costs.                *Affirmed.*

An appeal to the Supreme Court of the United States was denied June 9, 1908.